J-S51039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRYAN WAYNE BRACKBILL, JR. | : | |
| | : | |
| Appellant | : | No. 1799 MDA 2019 |

Appeal from the PCRA Order Entered September 30, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005421-2013

BEFORE:  MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:　　　　　　　**FILED FEBRUARY 23, 2021**

Bryan Wayne Brackbill, Jr. (Appellant) appeals from the order entered in the York County Court of Common Pleas dismissing his serial petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Appellant's court-appointed counsel has filed a petition to withdraw from representation and a *Turner*/*Finley*[2] no merit letter in lieu of a brief.  The no merit letter addresses three claims of PCRA court error:  whether the court erred in (1) dismissing the petition as untimely filed, (2) dismissing the petition without first conducting an evidentiary hearing, and (3) summarily dismissing Appellant's illegal sentencing claim.  We affirm, and grant counsel's petition to withdraw.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

The relevant facts and procedural history underlying this appeal are as follows. On June 2, 2013, Appellant murdered the victim, Sandra Mulder, and stole her car. *See Commonwealth v. Brackbill*, 714 MDA 2017 (unpub. memo. at 2-4) (Pa. Super. Jun. 13, 2018). Appellant had known the victim for years; at the time of the murder, he and his then-girlfriend, Crystal Hughes, "were sharing a basement bedroom at the victim's house." *Id.* at 1-2.

On August 14, 2014, a jury convicted Appellant of second-degree murder and theft by unlawful taking.[3] That same day, the trial court sentenced him to an aggregate term of life imprisonment. Appellant filed a timely direct appeal in which he challenged, *inter alia*, the sufficiency of the evidence supporting his convictions and the trial court's jury instruction on the elements of robbery, a crime for which he was not charged. *See Commonwealth v. Brackbill*, 1433 MDA 2014 (unpub. memo. at 4) (Pa. Super. Sep. 8, 2015), *appeal denied*, 760 MAL 2015 (Pa. Dec. 28, 2015). This Court concluded Appellant's claims were meritless, and affirmed the judgment of sentence on September 8, 2015.[4] The Pennsylvania Supreme Court subsequently denied allocatur review on December 28, 2015.

---

[3] 18 Pa.C.S. §§ 2502(b), 3921(a).

[4] Specifically, the panel held the evidence was sufficient for the jury to find Appellant murdered the victim in the course of committing felony robbery, despite the fact he was not charged with offense of robbery. *Brackbill*, 1433 MDA 2014 (unpub. memo. at 8-9). The panel explained: "[I]n order to obtain

On July 6, 2016, Appellant filed a timely, *pro se* PCRA petition, in which he raised numerous allegations of trial counsel's ineffectiveness, and a claim that he should be granted a new trial because the Commonwealth allowed its witness, Crystal Hughes, to perjure herself.[5] *See* Appellant's Brief for Post Conviction Act Collateral Relief, 7/6/16, at 23-25. Counsel was appointed, and the PCRA court conducted an evidentiary hearing on March 28, 2017. At the conclusion of the hearing, the court denied PCRA relief. This Court affirmed the decision on appeal. *See Brackbill*, 714 MDA 2017.

Thereafter, on June 14, 2019, Appellant filed the present, *pro se* PCRA petition. He acknowledged the petition was a "second or subsequent" request for relief, and argued "the facts upon which [his] claim is predicated were unknown to [him; namely,] that Commonwealth witness Crystal Hughes testified in exchange for a Nolle Pross [sic] of her then pending case[.]" Appellant's Second or Subsequent Post Conviction Collateral Relief, 6/14/19, at 1-2 (unpaginated). Appellant also asserted that he was "deprived of his right to a fair and impartial jury . . . when the prosecution created a variance

---

a conviction of second-degree murder, the Commonwealth need not charge a defendant with the underlying felony." *Id.* at 10, *quoting* **Commonwealth v. Pasmore**, 857 A.2d 697, 706 (Pa. Super. 2004) (citation omitted).

[5] Specifically, Appellant asserted that although Hughes testified she was not offered leniency in exchange for her testimony against him, after his trial, all charges pending against her were dismissed by the same trial court that presided over his trial. *See* Appellant's Brief for Post Conviction Act Collateral Relief at 23-24.

between pleading . . . and proof" — that is, he was convicted of robbery as the underlying felony for his second degree murder conviction, but was never charged with that crime. *See id.* at 5.

The PCRA court granted Appellant's request for the appointment of counsel, and conducted an evidentiary hearing on September 30, 2019. At the conclusion of the hearing, the PCRA court entered an order denying the petition as untimely filed. *See* Order, 9/30/19, at 1.[6] Counsel filed a timely notice of appeal, and complied with the PCRA court's directive to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Meanwhile, Appellant filed several *pro se* documents in this Court, which were forwarded to PCRA counsel. *See Commonwealth v. Jette*, 23 A.3d 1032, 1044 (Pa. 2011) ("[P]roper response to any *pro se* pleading is to refer pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion."); Appellant's Motion for Extension of Time to File Statement of Errors Complained of on Appeal, 11/26/19; Appellant's Letter, 2/19/20. On June 25, 2020, a *pro se* petition for extension of time to file a

---

[6] We note that the complete transcript from the September 30th hearing is not included in the certified record. Rather, the notes of testimony attached consist only of the following order: "I've denied the petition and you're going to proceed with perfecting his appeal." N.T., 9/30/19, at 1. The trial docket lists this simply as an order.

brief was docketed in this Court.[7]  That same day, counsel filed (1) an application to withdraw as counsel, (2) a *Turner*/*Finley* no-merit letter, and (3) a motion seeking a 90-day extension of time for Appellant to file his own *pro se* brief.

Thereafter, on July 1, 2020, this Court issued a *per curiam* order which (1) directed PCRA counsel to provide Appellant with a letter advising him of his right to proceed *pro se* or with a private attorney,[8] and (2) granted Appellant an extension of time until August 31, 2020, to file a *pro se* response to counsel's petition to withdraw and no-merit letter.  **See** Order, 7/1/20. Counsel complied with the court's directive that same day.  **See** *Friend*/*Muzzy* Notice, 7/1/20.  On September 1, 2020, Appellant filed a *pro se* application for relief, asserting, *inter alia*, that his petition was not untimely filed and he was never charged with robbery, the underlying offense for his

---

[7] The document is date-stamped as received on May 26, 2020.  **See** Appellant's Petition for Extension of Time to File Brief, 6/25/20.  It appears this document was not forwarded to counsel.

[8] **See Commonwealth v. Friend**, 896 A.2d 607, 614 (Pa. Super. 2006) (requiring PCRA counsel who seeks to withdraw to "contemporaneously" serve petitioner with application to withdraw and no-merit letter, and "a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed *pro se* or with the assistance of privately retained counsel") (emphasis omitted), **abrogated in part by Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009); **Commonwealth v. Muzzy**, 141 A.3d 509, 512 (Pa. Super. 2016) (petitioner has right to proceed *pro se* or through private counsel "upon the filing of counsel's petition to withdraw") (emphasis omitted).

conviction of second-degree murder. **See** Appellant's Petition for a Motion to Dismiss/Discontinue/Vacate, and/or Vacate Conviction/Sentence and Remand for New Trial, 9/1/20, at 1-2 (unpaginated). This Court entered an order on September 18, 2020, accepting Appellant's September 1st application for relief as a timely, *pro se* response to counsel's no-merit letter.

Counsel's no-merit letter addresses the following three claims:

I. Whether the [PCRA] court erred in dismissing the PCRA petition as untimely?

II. Whether the PCRA court erred in dismissing the PCRA petition without a hearing where [Appellant] alleged an exception to the timeliness requirement in claiming newly discovered evidence?[9]

III. Whether the PCRA court erred in summarily dismissing [Appellant's] PCRA petition on the claim that his sentence was illegal regarding the offense of second-degree murder as he was never charged, nor was the Commonwealth's evidence sufficient, regarding any underlying felony?

**Finley** Letter at 3.[10]

_____

[9] We note that while counsel frames this issue as a challenge to the PCRA court's failure to conduct an evidentiary hearing, it appears a hearing was conducted on September 30, 2019. **See Finley** Letter at 2 ("A hearing was held on September 30, 2019, at which time the PCRA court denied the . . . petition as untimely."); PCRA Ct. Op., 4/9/20, at 2 ("At the conclusion of PCRA hearing on September 30, 2019, . . . Appellant's second PCRA petition was denied as being untimely.").

[10] We note the Commonwealth declined to file a brief on appeal. **See** Commonwealth's Letter in Lieu of Brief, 10/19/20.

Before addressing the merits of the issues identified in PCRA counsel's no-merit letter, we must first determine if counsel complied with the procedural requirements for withdrawal. *Muzzy*, 141 A.3d at 510.

> A *Turner*/*Finley* brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues.

*Commonwealth v. Knecht*, 219 A.3d 689, 691 (Pa. Super. 2019) (citations omitted).

Here, PCRA counsel's no-merit letter details the procedural history of Appellant's case, including the fact that the current petition is Appellant's second request for collateral relief, and untimely. *See Finley* Letter at 1-4. Moreover, counsel lists the issues preserved in Appellant's PCRA petition and Rule 1925(b) statement, and details why each claim is meritless. *See id.* at 3-6. Furthermore, counsel also properly informed Appellant of his right to proceed *pro se*, or with privately retained counsel. Indeed, in order to preserve this right, counsel sought an extension of time for Appellant to file his *pro se* response. Accordingly, we conclude PCRA counsel properly complied with *Turner*/*Finley* and its progeny, and now proceed to an independent review of the issues raised on appeal.

Our standard of review of an order denying PCRA relief is well-established. "[W]e examine whether the PCRA court's determination 'is

- 7 -

supported by the record and free of legal error.'" ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–84 (Pa. 2016) (citation omitted). Furthermore, "[t]he PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Cruz***, 223 A.3d 274, 277 (Pa. Super. 2019) (citation omitted).

The statutory requirement that a PCRA petition be filed within one year of the date the judgment of sentence becomes final is a "jurisdictional deadline" and a PCRA court may not ignore the untimeliness of a petition to address the merits of the issues raised therein. ***Commonwealth v. Whiteman***, 204 A.3d 448, 450 (Pa. Super. 2019), *appeal denied*, 216 A.3d 1028 (Pa. 2019). ***See also*** 42 Pa.C.S. § 9545(b)(1). This includes a non-waivable challenge to the legality of a petitioner's sentence. ***See Commonwealth v. Hromek***, 232 A.3d 881, 884 (Pa. Super. 2020) ("[W]hen a petitioner files an untimely PCRA petition raising a legality-of-sentence claim, the claim is not waived, but the jurisdictional limits of the PCRA itself render the claim incapable of review.") (citation omitted).

Here, Appellant's judgment of sentence was final on March 27, 2016 — 90 days after the Pennsylvania Supreme Court denied allocatur review of Appellant's direct appeal, and Appellant declined to petition the United States Supreme Court for a writ of *certiorari*. ***See*** 42 Pa.C.S. § 9545(b)(3) (for purpose of PCRA timeliness provisions, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . or at the expiration of time for seeking the

- 8 -

review"); U.S. Sup. Ct. R. 13 ("[A] petition for a writ of certiorari to review a judgment in any case, . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). Accordingly, his current petition, filed more than three years later, is facially untimely. *See* 42 Pa.C.S. § 9545(b)(1).

Nevertheless, an untimely petition may be considered if one of the three timeliness exceptions applies. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition invoking one of the exceptions must be filed "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). In his *pro se* petition, Appellant purports to invoke the newly discovered facts exception set forth at Section 9545(b)(1)(ii). *See* Appellant's Second or Subsequent Post Conviction Collateral Relief at 2. In order to obtain relief pursuant to that subsection, a petitioner must plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(2)(ii).

In his June 2019 *pro se* petition, Appellant asserts the alleged "unknown fact" was that "Commonwealth witness Crystal Hughes testified in exchange for a Nolle Pross [sic] of her then pending case[.]" Appellant's Second or Subsequent Post Conviction Collateral Relief at 2. However, Appellant cannot establish this fact was previously unknown, or that he filed the present petition within one year of the date the claim could have been presented. Indeed, Appellant raised this same claim in his first PCRA petition filed in July of 2016. *See* Appellant's Brief for Post Conviction Act Collateral Relief, 7/6/16, at 23-

25. Moreover, during the March 27, 2017, hearing on that petition, Appellant's then-PCRA counsel asked the PCRA court to take "judicial notice of the that that the charges against Crystal Hughes were nol-prossed by the Commonwealth before [the same trial court on] January 8, 2015." N.T., 3/28/17, at 29. Therefore, as of **March 28, 2017** — at the latest — Appellant knew the charges pending against Hughes at the time of his trial in August of 2014 had been dismissed in January of 2015. Accordingly, Appellant failed to establish the unknown facts exception to the time bar.

Next, we note Appellant does not contend his challenge to his felony murder conviction meets one of the PCRA timeliness exceptions. Even if he had, however, we would conclude the claim was previously litigated on direct appeal, and meritless. **See** 42 Pa.C.S. § 9543(a)(3) (in order to obtain relief, petitioner must plead and prove, *inter alia*, "the allegation of error has not been previously litigated or waived"); **Brackbill**, 1433 MDA 2014 (unpub. memo. at 8-10) (concluding evidence was sufficient to sustain conviction of second-degree murder, despite fact Appellant was not charged with underlying felony of robbery; jury was instructed on elements of robbery necessary to prove felony murder).

Thus, because we agree with the finding of the PCRA court that Appellant's PCRA petition was untimely filed, and Appellant failed to plead or prove the applicability of any of the PCRA's timing exceptions, we affirm the order on appeal.

Order affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>02/23/2021</u>